### FELIX B. LEAKE & Co. *v.* WM. BURGESS et al.

Where one not a party to a note pays it for the honor of the maker the law implies an obligation on the part of the maker to reimburse him.

APPEAL from the District Court of West Feliciana, *Ratliff*, J. *Brewer & Collins*, for plaintiffs. *U. B. & E. Phillips*, and *J. J. Powell*, for defendants and appellants.

SPOFFORD, J. The defendants by intermeddling in the succession of their deceased son, *Wesley L. Burgess*, are admitted to have made themselves liable unconditionally as his heirs.

The plaintiffs paid to the holder, at maturity, a promissory note made by *Wesley L. Burgess*, for $1,000. This suit was brought for a reimbursement of that sum.

It is true, as contended by the defendants and appellants, that the payment by plaintiffs on behalf of the maker extinguished the note; but this suit is not founded upon the note, but upon the implied obligation of the defendants to indemnify the plaintiffs.

When a stranger to a note pays it for the honor of the maker the law implies an obligation on the part of the maker to reimburse him There is no presumption of a gift in such a case, and the doctrine of *Rohrbacker* v. *Schilling*, 12 An. 17, is inapplicable.

The plaintiff prayed for a judgment against the defendants *in solido*. They are sued as heirs, and each is liable only for a virile portion of the debt. The judgment having been rendered as prayed for, must be amended in this respect.

It is, therefore, ordered, that the judgment of the District Court be amended so as to render *William Burgess*, in his personal capacity, and *Mrs. Elizabeth Burgess*, liable each for one-half thereof, and that in all other respects, the said judgment be affirmed; the costs of this appeal to be borne by the plaintiffs and appellees.