Soules vs. Soules.

## No. 13,568.

Mrs. Bertha Soules, Wife of Arthur Barba, vs. Arthur Soules.

### Syllabus.

1. By agreement between the parties, the defendant owes an account for board claimed by the plaintiff.

2. A manual gift of an amount in cash was complete and legal, but it was not a remunerative donation as alleged, and in consequence, it was subject to collation.

3. The amount of a note identified as the Eaurens note was not received by plaintiff. The transactions between the mother-in-law and the son-in-law were not for account of Mrs. Barba, the plaintiff. In consequence, the resulting indebtedness of the son-in-law is not charged to Mrs. Barba, the wife.

4. Error on the part of plaintiff and error on the part of the defendant regarding a particular fact afford no ground for the plea of estoppel on the part of the plaintiff.

5. *On Appellee's Motion to Amend Judgment.* No amendment is made for the reason that plaintiff, the wife, is the creditor of her husband and is not the creditor of the defendant in the partition and cannot, in view of this fact, recover the amount claimed from her brother, the defendant.

6. This being a suit for a partition and settlement, the costs in the District Court are due by the mass.

APPEAL from the Civil District Court, Parish of Orleans— *St. Paul, J.*

*Felix J. Puig* (*Omer Villere* of counsel) for Plaintiff, Appellee.

*Edwin T. Merrick* for Defendant, Appellant.

The opinion of the court was delivered by

Breaux, J. Plaintiff brought this suit for a partition and settlement of accounts. The parties are brother and sister and inherited the property, a partition of which is sought, from their father and mother (G. Soules and his wife, deceased). No objection is urged to a partition in kind of the property. The defendant admits that certain items he mentions should be collated as ordered by the judge of the District Court. He disputes the claims other than those he admits and asks that the judgment be amended so that they be not included as part of the amount ordered to be collated.

Defendant disputes an item for personal expenses chaiged to him and contends that the judgment of the lower court should be amended so as to charge plaintiff with a stated amount growing out of his personal expenses. The defendant also complains of the judgment decreeing him to collate a sum of eighteen hundred dollars, a manual gift to him made by his late father. He also claims his portion in a note identified as the Baurens note, amounting to $1600.00, for which, he avers, his sister should account.

He sets forth in his defense that two sets of experts have been appointed to appraise the property. The judge of the District Court, the predecessor of the judge who now presides over the court, appointed one set of appraisers, and, afterwards, the judge now presiding appointed another set of appraisers.

In the first place, we take up for decision the items of personal expenses disputed by the defendant and which plaintiff avers is correct and which defendant denies is due; and the counter claim she sets up showing balance in her favor of $258.37. It appears that plaintiff and defendant occupied the same house and were to share the expenses together. The defendant claims that under the agreement he was not to pay any board, as he was to look after the rent of the property owned by them jointly. This is denied by the plaintiff, his sister, who insists that they were to divide the expenses of housekeeping equally. As relates to collecting rent and the attention given to it by defendant, the value of the services rendered for its collection does not appear to be at all equal to that of board. The sister also rendered some services of which account may be taken, in the nature of a set off, in considering this item. She kept account of household expenses and of other items of debts and credits. True, the account was crudely kept, yet the brother did not object. She charged him with certain expenses and other items of which he must have had knowledge and to which, while they kept house together, he did not object. We think the account can now be considered as correctly settled and that our learned brother of the District Court did not err in charging defendant with this item of which he complains.

The manual gift of eighteen hundred dollars made to the son, now defendant, and the decree of collation as relates to this amount, give rise to the next point of dispute between the brother and sister.

We do not understand that defendant's counsel argues that a manual gift is not subject to collation. The proposition pressed in

behalf of his client is that it was a remunerative donation and, in consequence, not subject to collation. We have not succeeded in arriving at that conclusion. The defendant, testifying regarding that donation, says that he was only twenty-one years and a few months old when the amount was given him by his father, and that it was given to him to enable him to buy a house and lot. He has also testified that he worked for his father and rendered him services as one of his workmen and that the intention of the father was to remunerate him by making this donation. He, it seems, while thus working, was favored by his father or rather given the opportunity of earning some fifteen dollars a month. The defendant acknowledges that he received due care and attention from his father who never charged him anything for food, raiment, or lodging. There was a complete manual gift, it is true, but we do not take it that it was intended to be remunerative. We have not found that the defendant did more than a boy usually does who assists his father in his daily work.

We pass to a review of questions growing out of the dispute for the note referred to as the Baurens note owned by the mother of plaintiff and defendant. The amount collected on this note was not brought home to the plaintiff, and, therefore, we cannot find a way clear to compel her to collate it. The plaintiff, as a witness, denies that she ever received the amount. Her account of the transaction does not give rise to the impression that she was benefited personally. Between her husband and her husband's brother, the matter seems to have been settled with the mother of plaintiff prior to her (the mother's) death. If there was an advantage taken of the mother by her son-in-law, plaintiff's husband and her brother, it would not, under the circumstances shown by the testimony, give rise to a claim for collation. There is considerable testimony on the subject, some of which is conflicting, yet we do not think that plaintiff should be charged for the amount of this note, as it does not appear that she ever received it or that her husband received it for her. Taking the view the most favorable to the defendant, it still remains that plaintiff shows by her testimony what became of the amount, except four hundred dollars which she says her mother loaned to her husband. This loan by the mother to the husband is not one which should be charged to the daughter and wife. If it be as stated by the wife, it was an indebtedness of her husband and not hers.

The appellee, on the other hand, answered the appeal and asked for an amendment of the judgment. She originally brought a claim

against her brother for the collation of seven hundred dollars, paid for account of her brother to one of his creditors out of the estate of their mother.

The District Court rejected this demand for collation. She reiterates her demand and avers that her brother, the defendant, had, in a sworn statement, admitted his liability. It is claimed that seven hundred dollars and interest were paid to Sylvian Bloussan for account of Arthur Soules, the defendant. It is urged by plaintiff that an estoppel sustains her demand and that her brother is bound, in view of his previous judicial admission. In proceedings in insolvency of Arthur Barba, the brother and sister appeared and, plaintiff now contends, admitted the indebtedness claimed as due to the succession of the father, G. Soules.

We take plaintiff's allegations in her petition as binding that "there was paid out of the funds belonging to the succession of the said Mrs. Maria Gourges, widow of the late Guillaume Soules, on January, 4th, 1898, at the request of the said Arthur Soules, the sum of seven hundred dollars paid for the liquidation and settlement of a certain note of Arthur Soules dated January 4th, 1897, to the order of Sylvian Bloussan." Defendant's sworn declaration related to a debt due to the succession of G. Soules, who died some time prior to his wife, one we take to have been an entirely different creditor. Plaintiff cannot shift her position and claim the benefit of an admission of a debt to a different succession. One who seeks to hold another strictly to his judicial admissions should be held to her own admissions. Moreover, we have not discovered that in fact the amount was at all due as claimed. The transactions between creditor and debtor, owing to changes made, are somewhat complicated.

From the testimony, we learn that this amount was due by plaintiff's husband to her and her brother; that he paid the one-half to which the brother was entitled and remained a debtor of his wife for the other one-half. The wife denied that she ever agreed to such a settlement and demands her portion of the sum due, but this denial is met by the testimony of defendant and of other witnesses who testify that the payment of $756.00 was made in payment of defendant's portion of the claim. The notary who attended to some business for these parties, who knew something of their dealings, who was at times their adviser, said that the balance of this note was due by the husband to his wife. Plaintiff testifies that she received $56.00, paid by her husband to her

through this notary. She never asked for more interest because, doubtless, she thought that the note had been settled. We have read with careful attention the testimony of the witness regarding this indebtedness and have left the subject convinced that this was considered settled. The brother, defendant, had received his share of this fourteen hundred dollars and the remainder was an indebtedness to the wife by the husband and between them considered settled. The facts disclose that such was the situation of affairs between the parties. The declaration by them in the insolvency proceedings of the insolvent husband was evidently an error which prejudiced no one and for that reason we think, with the District Judge, that plaintiff and defendant should be held bound by the condition which their own conduct and utterances render evident, that is, that the defendant received his portion of the husband's indebtedness and plaintiff permitted her husband to continue as her debtor for her portion.

We do not think that the objection of defendant to the appointment of the appraisers, as mentioned above, is entitled to any consideration and therefore pass it without further comment.

Appellee also urges in her answer that the judge erred in taxing the *costs* of the suit to the heirs. The suit was one for a *partition,* and although nearly all the issues grew out of the separate claims of the parties, and although plaintiff sustained her claims and obtained judgment against the defendant to have certain amounts collated, it none the less was a suit for a *partition,* and costs were properly taxed.

For reasons assigned, the judgment is affirmed, at appellant's costs.