(119 So. 51)

No. 29570.

KELLY et al. v. GILES.

Nov. 26, 1928.

J. Oliver Bouanchaud and J. Y. Sanders, Jr., both of Baton Rouge, for appellant.

Benton & Benton and Taylor, Porter, Loret & Brooks, all of Baton Rouge, for appellees.

LAND, J. Margaret Whitner died in the city of Baton Rouge February 3, 1925, and left as her heirs a daughter, Josephine Whitner Giles, wife of Washington Giles, and three sons, namely, Richard Kelly, Nelson Whitner, and Joseph Whitner, and a grandson, George Young, the only child of Janie Whitner Young, deceased daughter of Margaret Whitner.

On August 8, 1922, Margaret Whitner conveyed to her daughter, Josephine, lot 14 of square 247 in the city of Baton Rouge, measuring 66 feet on the west side of East Boulevard by a depth of 128 feet.

There were two houses on this lot—a small shack occupied by Richard Kelly, and a larger dwelling in which Margaret Whitner and her daughter resided.

In January, 1925, Josephine Whitner Giles brought suit to evict Richard Kelly. Margaret Whitner died before Kelly answered the suit. In his answer, Kelly attacked the sale from Margaret Whitner to her daughter, Josephine, as a simulation and donation in disguise. His coheirs, who intervened in the suit, set up the same defense. The defendant Kelly and the interveners prayed that all of the heirs of decedent be sent into possession of the property unconditionally, and as owners in the proportion of a one-fifth to each of them.

· The interveners and the defendant Kelly obtained judgment against plaintiff in the lower court, annulling the sale, recognizing all of the parties to the suit as the only forced heirs of Margaret Whitner, deceased, and decreeing each of them to be the owner of an undivided one-fifth interest in the estate. It was further decreed that the plain-

tiff, Josephine Giles, should collate and return the property to the succession, with reservation of her right to establish *in a separate action* whatever indebtedness might be due her "for the improvements placed upon the property." The lower court also ordered an inventory to be made by a notary public named in the judgment, for the purpose of effecting a partition of the estate.

We interpreted this judgment to mean:

"That the plaintiff's action may be brought summarily, in the succession proceedings, in which all the parties in interest are already before the court, *or in the partition proceedings, if there should be a partition; so that the plaintiff may have credit for whatever claim she may have, in the collation which she is required to make.*" Giles v. Kelly, 162 La. 512, 518, 519, 110 So. 738, 740.

The present suit has been brought by Richard Kelly, Nelson Whitner, Joseph Whitner, and George (or Gordon) Young against Josephine Whitner Giles, coheir of plaintiffs, to effect a partition of the property and to compel the defendant, Josephine Whitner Giles, to account, at the rate of $25 a month, for the rents of the larger dwelling on the premises, which she has occupied since the death of her mother, February 3, 1925.

In the event that the property should be sold to effect a partition, defendant claims in reconvention that the improvements and lot should be appraised separately, and that she should be allowed by preference and priority out of the proceeds of the sale the sum of $2,030, alleged to be the sum expended by her in the erection of the larger dwelling on the property, and also the taxes and paving and sidewalk assessments paid by her since the year 1920, amounting to the sum of $453.

Defendant also claims in reconvention, as universal legatee under the last will of Margaret Whitner, that she is entitled to the disposable portion, or one-third of the property to be partitioned, and one-fifth of the remaining two-thirds, there being five forced heirs.

Defendant prays for judgment in her favor rejecting plaintiffs' demands, and, in the alternative, should a partition be ordered, for judgment for the cost of erection of the larger dwelling on the property.

Judgment was rendered in the lower court in favor of plaintiffs and against defendant, recognizing them as co-owners in division of the property, in the proportion of one-fifth to each; ordering the property to be partitioned by licitation; requiring defendant to collate or pay to the succession of Margaret Whitner, deceased, or to her heirs, rent for the use of that part of the property occupied by her, at the rate of $25 per month, from the 3d day of February, 1925, down to the termination of the occupancy by defendant, with legal interest; crediting defendant with four-fifths of the sum of $513.15 paid by her for state, parish, and city taxes, paving, and sidewalk liens and assessments upon the property, with legal interest; and rejecting the demand of defendant for reimbursement of sums expended by her in improving the property or for the enhancement of its value by virtue of such improvements. Defendant has appealed.

Defendant's claims, as universal legatee, to the disposable portion and to one-fifth of the remaining two-thirds of the estate of Margaret Whitner, were made in her answer to the present suit during the pendency of the appeal of Succession of Whitner, 165 La. 769, 116 So. 180, in this court. As the decision in that case was adverse to defendant, her claims as universal legatee under the last will of her mother have passed out of the case, and her share in the property to be partitioned remains intact as one-fifth.

Defendant contends that collation is not due by her in the present partition proceeding, as collation is made only to the succession of the donor, and the succession of Margaret Whitner ceased upon the rendition of the judgment recognizing the heirs and send-

ing them unconditionally into possession of her estate.

But we do not interpret our decree in Giles v. Kelly, 162 La. 512, 110 So. 738, as requiring a technical collation by defendant, of the property purchased from her mother, as the clear import of the decree, in affirming the judgment of the lower court, is that Josephine Giles, the plaintiff in Giles v. Kelly, should return the property purchased by her to be partitioned among the coheirs, and should receive credit for "whatever indebtedness might be due to her for the improvements placed upon the property," as declared in the judgment of the lower court in that case.

In the present case, as plaintiffs only recover an undivided interest in the lot, they must reimburse the actual present value of the improvements to the defendant. R. C. C. art. 508; Heirs of Wood v. Nicholls, 33 La. Ann. 744, 752.

The evidence in the case shows that defendant built and paid for the larger house which now stands on the property, and that since 1920 she has paid all of the taxes and local assessments levied against it.

The building was commenced in 1920, and was practically completed in 1923. During Margaret Whitner's lifetime, she received a pension from the government of $36 a quarter, which was increased to $72 a quarter about 5 years before she died, and to $30 a month a short time before her death. Out of these meager means she was compelled to support herself and to rear two grandchildren, who were left dependent upon her by a younger daughter who died many years ago.

It is evident that Margaret Whitner was able to contribute but little, if anything, towards the erection of the house on the property, which contains six bedrooms, a bathroom, etc., and is valued at $1,200 by the witnesses in the present case.

The defendant, Josephine Giles, lived with her mother during the last twenty years of her life. She worked as a laundress, and had boarders and lodgers on the premises, for whom she did the cooking. Her husband, Washington Giles, worked in a machine shop in the city of New Orleans, and received $96 per month as wages. Giles testified that he furnished the greater part of the money to his wife for the construction of the building on the property.

It is clear that the house must have been built by the defendant with her own earnings and out of the wages of her husband, as this is the only satisfactory and adequate source of revenue disclosed by the evidence in the case, out of which the cost of the building could have been defrayed, as it was completed in about three years.

The total rent claimed by plaintiffs equals the value of the larger house erected on the property by defendant, to wit, the sum of $1,200. We are therefore of the opinion that the claim for rents made by plaintiffs should be compensated in full by the value of this improvement.

Appellees have answered the appeal, and pray that the judgment appealed from be reduced from four-fifths of $513.15 to four-fifths of $453, the amount claimed in reconvention for state, parish, and city taxes, and for paving and sidewalk assessments paid by defendant.

Appellees do not dispute the fact that defendant paid the sum of $513.15 for taxes, etc., on the property, but contend that she should not be reimbursed the taxes paid by her in 1923 and 1924, during the lifetime of her mother.

The taxes for these particular years constitute a debt, due by the mother of appellees and defendant, for money advanced by the defendant for that purpose. As the appellees and defendant are the forced heirs of their mother and were sent into possession of her estate unconditionally, each of the appellees is bound for his virile share of these taxes. R. C. C. arts. 988, 1013, 1423.

Appellees also pray that the judgment appealed from be amended by condemning the plaintiffs and defendant to pay the costs of the lower court in equal proportions.

The judgment of the lower court decrees:

"That the costs and charges of all proceedings had herein be paid in such proportion of said costs and charges as his or her share in said proceedings bears to the whole costs."

■ This being a suit for a partition and settlement, the costs are due by the mass. Soules v. Soules, 104 La. 796, 29 So. 342.

We interpret the judgment of the lower court to mean that the costs will be divided among the five coheirs, parties to this suit, in the proportion of one-fifth each, and will be deducted from his pro rata of the proceeds of the sale made to effect the partition. This is virtually payment of the costs out of the mass.

It is ordered that the judgment appealed from be amended so as to award to defendant the value of the house erected by her on the property in the sum of $1,200, and so as to compensate and offset in full the claim of plaintiffs for rent, at the rate of $25 per month from February 3, 1925, down to the termination of defendant's occupancy.

It is now ordered that the judgment appealed from, as amended, be affirmed, and that appellees pay the costs of appeal.

OVERTON, J., recused.