CENTRAL SAV. BANK & TRUST CO. v.
SUCCESSION OF BRANDON et al.*

No. 5229.

Court of Appeal of Louisiana.
Second Circuit.

April 30, 1936.

James T. Shell, Jr., and Ada Mott, both
of Bastrop, for appellants.

McHenry, Lamkin & Lamkin, of Monroe, for appellee.

TALIAFERRO, Judge.

Harriet Brandon, at her death in the year 1910, owned a parcel of unimproved land in the city of Bastrop, La. Title to the property devolved upon her three sons, all majors, viz., Oscar, Jim, and Sam Brandon. Her succession was not formally opened. In December, 1926, the city laid paving on the street abutted by said lot, made assessment against same, and issued special paving certificate to evidence amount due thereunder. In connection therewith, nine notes of $147.31 each, due consecutively over as many years, were executed and signed: "Harriet Brandon Estate," under which appears the signature of Oscar Brandon. Presumably, he signed for the estate. We shall pass on the case on that assumption, and that he incurred no personal responsibility in so doing. The notes were duly paraphed by the town clerk to identify them with the paving lien securing their payment. Two of

*Rehearing denied June 2, 1936.

the notes were paid, but by whom the record does not disclose. Plaintiff is the holder of the seven unpaid notes and instituted the present suit in rem to enforce payment thereof by foreclosure of the lien via ordinaria. It is alleged therein that Harriet Brandon's succession is not under administration, and has not been accepted by any of her heirs. An attorney at law was appointed to represent the succession, as provided by Act No. 44 of 1932, contradictorily with whom the suit was prosecuted. No opposition was made to the suit or to the form of procedure. In due course there was judgment as prayed for. The property was thereafter seized by the sheriff and advertised for sale.

Oscar Brandon, as disclosed from pleadings, died intestate on January 8, 1934, leaving as his sole heirs, Levy Brandon, a major, and Ida Lucille and Ora Brandon, minors. Levy qualified as tutor of the minors. Their mother predeceased the father. On August 30, 1935, the day before the property was sold by the sheriff, these heirs, who on that date were judicially recognized as such and sent into possession of their father's property, filed third opposition to the sale, wherein they allege that they are the owners, as heirs of their father, of two frame buildings on said advertised lot; that said buildings were erected thereon by Oscar Brandon subsequent to the registry of said paving lien, at his own personal expense, and prior to his death were his own separate property; that said buildings are not, nor were they ever, the property of the succession of Harriet Brandon, and therefore not subject to sale for its debts; that the lien and privilege securing payment of the notes sued on does not operate against or affect said buildings. In keeping with prayer to that effect, separate appraisements were made of the buildings and the land itself, and sale made accordingly. Plaintiff purchased the buildings for $1,000, and also the lot. To whom this money should be paid is the subject of controversy. The sheriff holds the amount subject to judicial determination of the issue.

In a supplemental opposition it is specifically alleged that while no legal proceedings were provoked by any of the forced heirs of Harriet Brandon to have themselves recognized as such and sent into possession of her property, "the said Oscar Brandon, during the latter part of the year 1926 and the early part of the year 1927, and subsequent to December 13, 1926 (the date of notes sued on), took possession of said property and constructed thereon at his own personal expense the frame structures fully described" herein, at a cost of $1,700; and that the construction of said improvements enhanced the value of the lot to the extent of $1,000.

The bank and the attorney appointed to represent the succession filed exceptions of no cause and no right of action. These were sustained and the opposition dismissed. Third opponents prosecute this appeal therefrom.

The bank's contention is that as Oscar Brandon tacitly accepted his mother's succession after the paving lien attached, he thereby personally bound himself for the succession's obligations, including the notes sued on; and, this being true, he has no standing to claim the value of said improvements or the enhanced value of said lot, due to their presence, to its prejudice as owner of the notes and paving lien.

Appellants admit that Oscar Brandon did, as a matter of law, "accept said succession, cum onere, * * * thereby subjecting himself to personal liability for his virile share of its debts, including the debt secured by the paving lien and privilege herein." They argue that by so accepting said succession, Oscar Brandon legally established a conditional obligation in favor of all creditors of the succession of which the bank, as holder of said notes, might have availed itself by accepting, and thereby become the beneficiary of the results flowing from "the assumption of said obligation." They further argue that as the bank alleged that the heirs of Harriet Brandon had not accepted the succession, and in prosecuting its rights by an in rem proceedings, predicated upon said allegation, and not making Oscar Brandon's succession or his heirs a party thereto, it, "thereby rejected the stipulation pour autrui that Oscar Brandon had made in its favor by accepting the succession of Harriet Brandon, and is now estopped from taking advantage of said acceptance."

And, as a corollary to the foregoing legal conclusion, third opponents reason that with regard to the improvement and occupancy of the succession property by him, Oscar Brandon was a third possessor, and entitled to all the rights and benefits of such as fixed by law. They rely upon Citizens' Bank of Louisiana v. Miller, 44 La.Ann. 199, 10 So. 779, and Civ.Code, art. 3407, to sustain their contentions. We be-

lieve this position sound. It becomes unimportant, however, in view of what we hereinafter say and hold.

In the Miller Case it was held that the purchaser of mortgaged property, even where the act of mortgage contains the pact de non, is entitled to recover the enhanced value of the property, due to improvements placed thereon by him, when sold under foreclosure; and this, too, even though such purchaser had assumed payment of the mortgage, but the mortgagee had not definitely accepted the assumption, but, on the contrary, had pursued a course clearly indicative of a repudiation thereof. In such circumstances, the purchaser of the mortgaged property was held to be a third possessor. Article 3407 of the Civil Code is as follows:

*"Rights and liabilities of third possessors.*—The deteriorations, which proceed from the deed or neglect of the third possessor to the prejudice of the creditors who have a privilege or a mortgage, give rise against the former to an action of indemnification; but he can claim for his expenses and improvements only to the amount of the increased value which is the result of the improvements made."

"A 'third possessor' is one in possession of mortgaged premises, but not liable for mortgage debt, and hence may either discharge the mortgage debt or abandon the premises." Federal Land Bank of New Orleans v. Cook et al. (Richland State Bank, Intervener), 179 La. 857, 155 So. 249. See, also, Thompson v. Levy, 50 La. Ann. 751, 23 So. 913.

The bank and third opponents draw the legal conclusion that the paving assessment was and is an obligation of the Brandon succession and that Oscar Brandon committed himself to personal responsibility therefor by accepting the succession in the manner herein stated. Each, to some extent, relies upon the effect of that acceptance to succeed herein. We are of the opinion that both sides are in error. Harriet Brandon had been dead sixteen years when this paving was laid. Her succession was never formally opened, and, so far as the record discloses, there was no necessity for such being done, beyond having her three heirs recognized and sent into possession. This was not done. When the paving was laid, the lot was owned conjointly by the three sons.

■ Allegation of a conclusion of law is no allegation at all. Such, when erroneous, is not binding on the pleader, and, of course, not on the court. Intermediate facts need not be alleged, but ultimate facts must be alleged. State v. Hackley, Hume & Joyce, 124 La. 854, 863, 50 So. 772. It is from such facts that legal conclusions may be accurately drawn. In the present case the ultimate facts alleged negative a conclusion that the paving assessment and notes sued on are succession liabilities.

■ Article 1013 of the Civil Code provides that when the heir of age tacitly and simply accepts the succession, "it binds him to the payment of all debts of the succession," in the same manner and to same extent as if he had personally contracted them. However, if there is more than one heir, those who unconditionally accept the succession are only bound for their virile share of its liabilities. Lawrence v. Lawrence, 172 La. 587, 134 So. 753; Kelly v. Giles, 167 La. 287, 119 So. 51; Leake v. Burgess, 13 La.Ann. 156.

But this article clearly has reference to succession liabilities existing at time it is opened by death, and not to those liabilities which are thereafter created and which may be enforced against the succession property by special laws, without its consent or that of the heirs. Therefore, we conclude that the rights of neither side were enlarged, diminished, or affected by the tacit acceptance of Oscar Brandon of the succession of his mother.

■ Assessments against abutting property for cost of street paving or sidewalks, and the lien granted by law to secure same, are purely in rem. Act No. 168 of 1926. No personal responsibility as regards the owner attaches at all, unless expressly assumed. Guaranty Mortgage & Securities Co. v. Millsaps, 178 La. 255, 151 So. 197. In the present case, there is no suggestion of personal responsibility on the part of the succession, or of Oscar Brandon, other than that alleged to have been incurred as a result of the tacit acceptance by him of the succession. So far as concerns the whole matter, we believe Oscar Brandon's relation thereto was that of third possessor. He did not assume payment of the paving costs, and was in a position to either surrender possession of the land or discharge the lien against it. His two brothers each own the same interest therein as does he; all interests are affected by the lien. The fact that he does own such interest, in our opinion, does not alter

the situation. It would if he had personally placed a mortgage on the property, and subsequently improved it. (Civ.Code, art. 3310). When the notes were issued, their payment was secured by lien on unimproved real estate. This security has not been impaired, but augmented by the presence of the improvements subsequently placed thereon, possibly even to an extent in excess of the enhanced value of the lot due to such improvements. Equity demands that the third possessor be indemnified for the outlays made by him in such circumstances. This principle obviously is the basis of article 3407 of the Civil Code. Glass v. Ives, 169 La. 809, 126 So. 69.

We are of the opinion that third opponents are entitled to recover the enhanced value of the lot in question due to erection thereon of the two frame buildings described in their petition, not to exceed, however, $1,000.

For the reasons herein assigned, the judgment appealed from is reversed, annulled, and set aside; and there is now judgment remanding this case for trial on the merits and for such other proceedings as may properly be had therein. Costs of appeal are assessed against appellee; responsibility for other costs to await final judgment in the case.