BOLIN, Judge.
This is an action by a husband to annul the succession proceedings of his deceased wife; to declare null the sale of the property belonging to said succession by the alleged sole heir recognized in the judgment in the succession proceedings; for judgment against the heir in the sum of $1,424,.. representing alleged contributions from the-community for improvements of the separate property of plaintiff’s deceased wife; and, finally, for the marital one-fourth due him as surviving spouse in necessitous circumstances. From a judgment rejecting his demands as in case of nonsuit, plaintiff has perfected this appeal..
The record reveals plaintiff’s deceased wife, Mattie Davis Smith, while single, gave birth to Clarence Huckaby, one of the defendants herein. She later married a man named Randolph and acquired the property subject of this suit. Randolph died without issue and without a father and mother, and Mattie inherited his one-half interest in the community property, thus becoming the owner of the whole. Mattie later married Dave Smith, on July 2, 1946. No children were born of this marriage and Mattie Randolph Smith died on June 23, 1959, without issue of either marriage, and predeceased by her father and mother.
Clarence Huckaby, now a resident of California, opened the succession of Mattie Smith in Caddo District Court and alleged he was the natural child, duly acknowledged by Mattie Davis Randolph Smith, and attached to his petition an affidavit purportedly signed by Dave Smith and Lucille Henderson giving the family history of Mattie Randolph Smith, wherein it was stated Clarence Huckaby had been duly acknowledged by the deceased. By ex parte proceedings, Clarence Huckaby obtained a judgment recognizing him as sole heir of decedent.
Thereafter, Huckaby sold the property in question to Tony Greco for $3500. It is this sale which plaintiff seeks to set aside by these proceedings.
During the pendency of the succession proceedings, plaintiff informed the attorney handling the succession he had improved decedent’s separate property to the amount of $1,424. The attorney, considering this claim was a community expenditure, only one-half *74 owed by decedent’s estate, obtained from Clarence Huckaby $700 and tendered this amount to plaintiff in settlement of his claim, and deposited said amount in the registry of the court. This settlement was refused and the present suit was brought against the natural heir and the vendee of the succession property after the judgment of possession was rendered.
Appellant’s first contention is the succession proceedings and the subsequent sale of the property should be set aside. This claim is based upon LSA-C.C. art. 926 which provides:
“If the succession be that of the natural mother deceased without legitimate children, the putting into possession of the natural children shall not be pronounced without calling the relations of the deceased, who would have inherited in default of the natural children, if they are present or represented in the State; or without appointing a person to defend them, if they are absent.”
In the succession proceedings, no relatives of deceased were called nor was the surviving spouse cited. It is contended by plaintiff such citation was mandatory under the above codal provision and the absence of same constituted such a defect as to render the judgment of possession as well as the subsequent sale of the property absolute nullities.
Conceding the necessity of calling in those relations who would inherit in default of the natural child and that the surviving spouse is such a relation within the contemplation of the codal article, defendants set up in their answers to plaintiff’s original and amended petitions the special defense of estoppel. This defense is predicated upon plaintiff’s execution of an affidavit wherein he attested to the status of Clarence Huck-aby as an acknowledged natural child which affidavit was made a part of the succession proceedings and made a basis of judgment in those proceedings. This judgment of possession constituted the basis of the subsequent sale of the property to Tony Greco, co-defendant herein. Plaintiff, therefore, in effect was a party to the proceeding of which he now attacks. These factual circumstances present a clear case of sustaining the plea of estoppel. See Carpenter v. Madden (La.App. 2 Cir., 1956) 90 So.2d 508.
The next issue for determination is plaintiff’s claim for reimbursement of $1,-424 he claims to have spent on improvements to the property of his deceased wife. The court below denied this claim on the basis the succession was not made a party to the suit. However, defendant Huckaby accepted the succession of his mother simply and unconditionally, and under LSA-C.C. arts. 1423 and 1426 became personally liable for the debts of the succession. Therefore, we conclude it was not necessary to make the succession a party-defendant in order to perfect this particular claim.
As to the merits of this claim, plaintiff has not proved the expenditures for the improvements were from his separate funds. In fact, he admitted the money spent for such improvements came from his earnings while married to decedent. These earnings during the existence of the marriage fell into the community. Peltier v. Begovich, 239 La. 238, 118 So.2d 395 (1960). It therefore follows one-half of such earnings as expended on deceased’s separate property belong to> decedent’s estate and one-half to plaintiff.
Huckaby admitted liability for one-half the value of these improvements and tendered the amount of $700 at the beginning of the trial below. Therefore, it is not necessary to consider whether plaintiff has proved his expenditures sufficiently for judgment. As Huckaby is a nonresident, we cannot render a valid personal judgment against him but only one in rem for the amount deposited in tire registry of the court.
As the recognition of plaintiff’s claim for reimbursement for improvements in the *75 amount of $700 lias exhausted the property of defendant Huckaby within the jurisdiction of the district court below, we cannot render any further judgment in excess of that amount. Therefore it is not necessary for us to decide the final issue raised with regard to plaintiff’s claim as a surviving spouse in necessitous circumstances for the marital one-fourth, and the 'Court below properly rejected same as of nonsuit.
IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the judgment of the district court be amended so as to recognize plaintiff’s claim to one-half of his expenditures on the separate property of his wife in the amount of $700, and as amended, the judgment is affirmed at appellant’s cost.
Amended and affirmed.