MORIAL, Judge.
Guedry Finance Company, Inc., (Guedry) appeals the judgment sustaining defendants’ exception of lis pendens and dismissing Guedry’s suit.
Guedry filed suit against Oscar M. Sand-erson, the maker of a promissory note, on January 21, 1971 in the First Parish Court, Parish of Jefferson. Guedry alleged that Sanderson had defaulted on his payments on the note and was indebted to plaintiff in the amount of $721.00 plus interest, attorney’s fees and costs. Sanderson died intestate on April 15, 1971 without being served with process.
*120 Defendants herein are the children and heirs of Sanderson. The decedent’s succession was opened and a judgment of possession was signed on August 14, 1975 recognizing defendants as the sole heirs of decedent and placing each in possession of an undivided one-fifth interest in the decedent’s estate. Defendants accepted the succession unconditionally without administration or benefit of inventory.
On January 15, 1976 plaintiff filed this suit in the 24th Judicial District Court, Parish of Jefferson against the heirs of the decedent to collect the balance due on the promissory note executed by their father. Defendants filed an exception of lis pen-dens which was sustained by the trial court. We affirm.
Plaintiff argues that the trial court erred in not holding that plaintiff had a separate and independent personal right of action against the heirs of the decedent. Plaintiff relies on Revised Civil Code Articles 1422, 1423, 1013 and Smith v. Huckaby, 141 So.2d 72 (La.App. 2 Cir. 1962). Plaintiff contends that LSA-C.C.P. Article 801, et seq, dealing with the substitution of the legal succession of a deceased party are not mandatory in character and that the articles merely provide an alternative to the bringing of a second lawsuit.
Defendants argue that LSA-C.C.P. Articles 801-804 provide for the substitution of the legal successor for a deceased party during the pendency of an action which is not extinguished by his death.
Defendants argue that plaintiff improperly filed a second suit because it is based on the same cause of action and has the same object as the pending action in First Parish Court. Defendants point out that a plea of res judicata would be sustained in this action if the original claim was reduced to judgment.
Plaintiff correctly cites the principle in our inheritance law that an heir who accepts a succession unconditionally and without benefit of inventory becomes personally liable for the debts of the succession. However, we do not find that this substantive principle of law is dispositive of the procedural issue before us. The issue presented to this court is whether or not the trial judge correctly sustained defendant’s exception of lis pendens in light of the original suit filed by plaintiff against the decedent Oscar Sanderson.
LSA-C.C.P. Article 428 provides:
“An action does not abate on the death of a party. The only exception to this rule is an action to enforce a right or obligation which is strictly personal.”
The obligation of a decedent is a heritable obligation where the heirs accept the succession unconditionally and without benefit of inventory. See LSA-R.C.C. Articles 1423 and 1999. Therefore, the original action instituted by plaintiff is viable and pending.
LSA-C.C.P. Article 531 sets out the circumstances under which an exception of lis pendens may be plead as follows:
“When two or more suits are pending in a Louisiana court or courts on the same cause of action, between the same parties in the same capacities, and having the same object, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.”
A fair test of lis pendens is to inquire whether a final judgment in a former suit be res judicata in the latter, if it would, then the exception of lis pendens is well pleaded. Marston v. Marston, 223 La. 1046, 67 So.2d 587 (1953); Scott v. Ware, 160 So.2d 237 (La.App. 2 Cir. 1964). A final judgment in the original suit filed by Gued-ry would subject the present suit to dismissal on the basis of a plea of res judicata. Plaintiff is pursuing the same cause of action and seeking the same remedy in both actions. The obligation of the defendants herein to plaintiff is the same obligation which bound their father to repay plaintiff. Therefore, we find that the plea of lis pen-dens was correctly sustained and plaintiff’s suit properly dismissed.
*121 For the foregoing reasons the judgment of the trial court is affirmed.

AFFIRMED.