J^DECUIR, Judge.
The Department of Revenue and Taxation, State of Louisiana, appeals an adverse ruling of the trial court on issues of solidarity and prescription. For the reasons that follow, we reverse in part, affirm in part, and remand.
FACTS
On October 2, 1995, the State filed suit against C.A. Guidry Produce, Inc. to collect past due sales taxes for the years January 1, 1990 through June 31, 1993. The total assessment was for $363, 777.99, together with interest, until paid. According to a state audit, C.A. Guidry Produce, Inc. had understated its tax obligation for the period by more than $198,000.00. At the time, C.A. Guidry Produce, Inc. was a closely held corporation with shareholders consisting of either Charles Andrew Gui-dry, Jr. alone, or he and his wife, Vivian Stelty Guidry.
On August 29, 1991, Charles Andrew Guidry, Jr. died. He was survived by Vivian Guidry and fourteen major heirs. On September 17, 1991, Charles Andrew | ¡.Guidry, Jr.’s surviving spouse and heirs petitioned the court to open his succession. By judgment, dated January 27, 1992, the surviving spouse and heirs unconditionally accepted the succession, without benefit of inventory, and were placed in possession of the estate.
On August 17, 1993, Vivian Guidry, as president of the corporation, signed an agreement to suspend prescription as to the period January 1, 1990 through December 31, 1990 for one year. On October 5, 1994, Cynthia Marie Guidry, as Secretary of the corporation, executed another agreement to suspend prescription for an additional year.
On September 16, 1996, the State amended its petition to add a request for statutory attorney fees based on its referral of the matter to outside counsel for summary proceedings. The State again amended its petition on November 5, 1997, naming Vivian Stelty Guidry, Cynthia Marie Guidry, Kevin Cade Guidry, and Andre Phillip Guidry, individually, and as directors and officers of the corporation, as additional party defendants. In addition, *121 since the decedent was a director, the State added the above named- defendants and the remaining heirs as additional party defendants pursuant to La.R.S. 47:1561.1.
On December 9, 1997, defendants filed an exception of prescription contending that the State had three years from the last date taxes were due to name the additional defendants. Again in January of 1998, the defendants urged an exception of prescription alleging that the cause of action for recovery of 1990-1991 taxes had prescribed.
The trial court granted the exceptions of prescription as to the individual heirs finding that prescription had run on both the 1990-1991 taxes and the 1992-1993 taxes. The court also found that the agreement to suspend prescription executed by |athe corporate officers did not bind the heirs individually and that the heirs were not soli-dary obligors. The state lodged this appeal contending that the trial court erred in finding that the heirs were not solidary obligors and in granting the exceptions of prescription.
SOLIDARITY AND PRESCRIPTION
The assignments alleged by the State are so intricately related that we will examine them together. The State contends that the trial court erred in finding that the individual heirs were not solidary obli-gors and that the cause of action had prescribed against the individual heirs.
A complex web of statutes makes our determination of this issue both interesting and confusing. We will attempt to clarify the issue by beginning with the liability of Guidry Produce. Guidry Produce’s liability arises from its status as a delinquent taxpayer and the provisions of La.R.S. 47:1561 which. authorizes the collector of taxes to proceed in several ways to collect taxes.
The liability of the directors of Guidry Produce arises under the provisions of La. R.S. 47:1561.1. The statute authorizes the State to hold those officers or directors “having direct control or supervision of such taxes or charged with the responsibility of filing such returns and remitting such taxes and who willfully fail to remit or account for such taxes withheld or collected, personally liable for the total amount of such taxes withheld or collected, and not accounted for or not remitted, together with any interest, penalties, and fees accruing thereon.” La.R.S. 47:1561.1. In State v. DeJesus, 94-0261 (La.9/16/94); 642 So.2d 854, the supreme court read this statute to provide that the State can proceed against “officers or directors who possessed significant responsibility for the tax-making decisions of that business entity.” Id. at 857. The court also noted that the determination of whether a particular officer 14exercised significant decision-making authority over tax matters is a fact intensive inquiry on the merits. Id. Likewise, we note that La.R.S. 47:1561.1 requires that an officer or director mllfully fail to remit taxes.
La. R.S. 47:1561.1 provides further that, “Collection of the total amount due may be made from any one or any combination of such officers or directors ... by use of any of the alternative remedies for the collection of taxes as provided in R.S. 47:1561.” La.R.S. 47:1561.1. (Emphasis added). La. Civ.Code art. 1794 provides, “An obligation is solidary for the obligors when each obli-gor, is liable for the whole performance....” La.Civ.Code art. 1797 provides, “An obligation may be solidary though it derives from a different source for each obligor.” Nevertheless, solidarity is not presumed but arises from the parties clear intent or from the law. La.Civ. Code art. 1796.
In this case, we find that' a soli-dary obligation arose between Guidry Produce and those officers and directors exercising significant decision-making authority over tax matters by operation of La.R.S. 47:1561 and La.R.S. 47:1561.1. Since, the obligation is solidary, interruption of prescription against one of them *122 interrupts prescription as to the others and their successors. La.Civ.Code art. 3503. The deceased was an officer or director of Guidry Produce. Accordingly, the agreements to extend prescription entered into by Guidry Produce interrupted prescription as to the deceased’s estate.
The deceased’s heirs accepted the succession without benefit of inventory. By doing so they accepted not only the assets of the succession, but the liabilities and obligations as well. Guedry Finance Co., Inc. v. Sanderson, 348 So.2d 119 (La. App. 4 Cir.1977); Kelly v. Giles, 167 La. 287, 119 So. 51 (1928). Moreover, La.Civ. Code art 3506 provides in pertinent part:
|k28. Successor.—Successor is, generally speaking, the person who takes the place of another.
There are in law two sorts of successors: the successor by universal title, such as the heir, the universal legatee, and the legatee by universal title; and the successor by particular title such as the buyer, donee or legatee of particular things, the transferee.
The universal successor represents the person of the deceased, and succeeds to all his rights and charges.
The particular successor succeeds only to the rights appertaining to the thing which is sold, ceded or bequeathed to him.
Thus the heirs, in this case, are the successors of the deceased. As noted previously, interruption of prescription against one solidary obligor interrupts prescription against all other solidary obligors and their successors. La.Civ.Code art. 3503.
The heirs, however, argue that La.Civ. Code art. 1425 provides that heirs who accept a succession without benefit of inventory are not bound in solido. While this is an accurate statement of the law, the civil code provides a clearer resolution of the issue before us. La.Civ.Code art. 3503 also provides in pertinent part:
When prescription is interrupted against a successor of a solidary obligor, the interruption is effective against other successors if the obligation is indivisible. If the obligation is divisible, the interruption is effective against other successors only for the portions for which they are bound.
“An obligation is divisible when the object of the performance is susceptible of division.” La.Civ.Code art 1815. In this case, the object of performance is unpaid taxes and penalties. Clearly these are susceptible of division.
Applying these principles, we find that the trial court erred in granting the exception of prescription in favor of the heirs individually for the tax years 1990 and 1991. The decedent was an officer or director of Guidry Produce during both of those tax years and, therefore, his estate was solidarily liable with Guidry Produce. Guidry Produce entered into agreements to extend prescription which extended prescription | fias to the deceased’s estate and its successors by virtue of La.Civ.Code art. 3503. However, the obligation is divisible and therefore, the interruption is effective against each individual heir only for the portion for which they are bound. La.Civ. Code art. 3503. In this case, the heirs are each bound for their virile share. La.Civ. Code art. 1425. Accordingly, prescription for tax years 1990 and 1991 was interrupted as to each individual heir only to the extent of then.' virile share of the obligation.
With regard to the tax years 1992 and 1993, we find that the trial court properly concluded that prescription had run as to those individual heirs who did not serve as officers or directors of the corporation during that time. The decedent was not alive during any part of those years and, therefore, could have committed no act for which the estate could be solidarily liable with the corporation. Thus, prescription was not interrupted as to those individual heirs who were not officers or directors of the corporation. However, those heirs who acted as officers or directors during *123 the tax years 1992 or 1993 may be liable for their own actions and, therefore, the petition naming them as defendants may be timely. The record before us does not identify which heirs were officers or directors during 1992 or 1993. Accordingly, we must remand the case to the trial court for determination of which heirs were officers or directors for those years.
CONCLUSION
For the foregoing reasons the judgment of the trial court is reversed in part, affirmed in part, and remanded. All costs of this appeal are taxed equally between plaintiff-appellant and defendants-appel-lees.
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.