383 So.2d 327 (1979)
STATE of Louisiana
v.
MAIN MOTORS, INC.
No. 64849.
Supreme Court of Louisiana.
November 12, 1979.
Concurring Opinion May 23, 1980.
*328 Herschel C. Adcock, Adcock, Dupree & Shows, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Kay Kirkpatrick, Ralph L. Roy, Asst. Dist. Attys., for plaintiff-appellee.
BLANCHE, Justice.[*]
The defendant, Main Motors, Inc., was found guilty of violation of La.R.S. 47:1641, willful failure to collect or truthfully account for or pay over state sales tax. The defendant was sentenced to pay a $1,000 fine and costs. From this verdict, Main Motors appeals.
Main Motors, Inc. is a new car dealership. In addition to the sale of cars, which comprises the bulk of its business and on which the buyer pays the sales tax to the vehicle commissioner, the defendant makes certain other sales to which the state sales tax is applicable. To report the tax due, the defendant is required to file a sales tax return and remit therewith the tax collected to the collector of revenue.
Main Motors was audited by Revenue Agents of the Louisiana Department of Revenue and Taxation for the period of January 1, 1974 through July 31, 1977. The audit was conducted to determine if Main had properly collected, reported and remitted the State sales tax due the Department on the company's taxable sales.
During the course of the audit, the revenue agents performed an invoice by invoice examination of Main Motors' counter tickets and repair orders for a selected three month period of each year covered by the audit. For each of these months, the examination revealed systematic discrepancies in the way Main collected, accounted for and paid state sales taxes. More particularly, the audit demonstrated that in the case of certain tax exempt sales, Main treated the sales as taxable, collected a sales tax and then turned around and reported the sales as tax exempt and failed to remit the taxes wrongfully collected. Additionally in the case of certain taxable sales, Main Motors collected no tax and reported these sales to the Department as tax exempt.
In assignments one, three and four, the defendant contends the trial court erred in denying its motion for acquittal at the close of the state's case, in finding the defendant guilty and in denying its motion for a new trial. La.R.S. 47:1641 provides in full as follows:
"Any person required under this subtitle to collect, account for, or pay over any tax, penalty or interest imposed by this subtitle, who willfully fails to collect or truthfully account for or pay over such tax, penalty or interest, shall in addition to other penalties provided by law, be fined not more than ten thousand dollars or imprisoned, with or without hard labor, for not more than five years, or both." (emphasis added)
First, the defendant argues that the court below erred because the evidence did not show a willful failure to pay the tax. Rather, it maintains that the errors discovered in the state's audit were due to innocent mistakes on its part.
The Louisiana Constitution limits this Court's review of criminal convictions on appeal to questions of law. Louisiana Constitution Art. 5 § 5(C). Therefore, it is only when there is a total lack of evidence of an essential element of a crime that a question of law is presented. State v. Procell, 365 So.2d 484 (La.1978); State v. Tyler, 342 So.2d 574 (La.1977); State v. Williams, 354 So.2d 152 (La.1977). Proof of willful behavior is similar to proof of intent: it *329 requires that the mind of the defendant be probed. For this reason, willfulness may be shown by indirect evidence. See La.R.S. 15:445. Thus, although willfulness, like intent, is a question of fact, it need not be proven as a fact but may be inferred from the circumstances of the transaction. La. R.S. 15:445; State v. Procell, supra; State v. Garner, 241 La. 275, 128 So.2d 655 (1961). The audit of Main Motors reveals that every month's records showed that the defendant reported excessive deductions. The percentages of wrongful deductions disallowed varied from 57% to 99%. Neither did defendant claim ignorance on its part as to which sales were or were not taxable. The evidence also reveals that the defendant's own personnel coded the sales as exempt or nonexempt; thus, it can not claim computer error. We therefore conclude that the record reveals a systematic improper reporting of exemptions. This evidence amply supports the trial court's conclusion that the defendant's acts were willful.
The defendant argues that the state did not show what tax, if any, was owed and thus failed to prove an essential element of the crime. This argument is also without merit since the statute makes criminal the willful failure "to collect or truthfully account for or pay over . . ." Thus, the evidence need not show the exact amount owed but only that the defendant failed to collect or truthfully account for or pay over taxes. There is more than "some evidence" on this crucial element of the offense.
Defendant also contends that the prosecution was premature since it preceded any civil proceeding by the Department of Revenue. The statute provides for criminal prosecutions "in addition" to any civil proceeding which should be brought. There is nothing in the statute to intimate that criminal proceedings may not be brought prior to or concurrent with civil proceedings.
For these reasons, the above assignments of error are without merit.
In defendant's second assignment, it argues that R.S. 47:1641 and 1642 are unconstitutional since the willful behavior prohibited in R.S. 1641 requires a harsher punishment than the more heinous crime of failing to report taxes with the intent to defraud prohibited by R.S. 1642. This assignment is without merit because the two sections proscribe different behavior and thus, there is a rational basis for the difference.
For the reasons assigned, the judgment of the trial court is affirmed.
DENNIS, J., concurs and assigns reasons.
DENNIS, Justice, concurring.
I respectfully concur in the majority opinion, but feel that the issues deserve a more detailed treatment, especially concerning the argument that La.R.S. 47:1614 is unconstitutionally vague.
The defendant argues that if the statute permits the institution of a criminal action prior to a determination of the taxes due in a civil proceeding, it violates due process. He contends the statute fails to provide notice to a defendant of the nature of the charges against him when it permits the state to institute prosecution without a prior determination in a civil proceeding that a certain amount of taxes are due according to an established assessment procedure. In the first place, this argument fails because the statute proscribes the conduct of willfully failing to account for any tax imposed by the subtitle; the exact amount of the tax need not be proven. Under a similar law, the federal authorities may likewise proceed with criminal charges without a prior civil assessment. Merten, Merten's Law of Federal Income Taxation, Vol. 10, § 55A.05. Furthermore, the state bears the affirmative burden of showing, beyond a reasonable doubt, that the defendant owes a tax under the statute and willfully failed to account for it. Because of this, the defendant has the opportunity to contest whether taxes are in fact due and whether he willfully failed to account for them. He receives as much (if not more) protection from arbitrary assessment in the criminal *330 trial as in a civil proceeding, given the state's burden of proof. Therefore, the defendant suffers no prejudice by the institution of criminal proceedings prior to civil adjudication.
The defendant argues, finally, that La. R.S. 47:1641 and 1642 are unconstitutional because there is no rational basis for the penalty distinction. Since the statute under which the defendant was convicted, section 1641, does not present a cruel, unusual, or excessive sentence, the defendant has no constitutional basis upon which to complain here. Even if we were to review sentences on the basis of a comparison of statutes in this manner, I would not find this distinction between sections 1641 and 1642 to be irrational. The state may properly provide greater penalties for taxpayers who are charged with the duty to collect and remit taxes to the state, thus acting in the capacity of agents of the state, and who violate this duty.
Accordingly, I concur in the majority opinion.
NOTES
[*] Chief Judge PAUL B. LANDRY, Jr., Retired, is sitting by assignment as Associate Justice Ad Hoc in place of TATE, J. upon this case.