642 So.2d 854 (1994)
STATE of Louisiana
v.
John E. DeJESUS, Russell J. Moran, and Marcel M. Lashover.
No. 94-K-0261.
Supreme Court of Louisiana.
September 16, 1994.
Richard P. Ieyoub, Atty. Gen., Harry F. Connick, Dist. Atty., and A. Edward Cangelosi, Jr., New Orleans, for applicant.
Frank G. DeSalvo and Patrick C. McGinity, New Orleans, for respondent.
Geneva Landrum, St. Francisville, for Dept. of Revenue & Taxation and Ralph Slaugheter, amici curiae.
PER CURIAM:[*]
We granted the state's pre-trial application to consider whether indictments charging the named defendants with misdemeanor and felony offenses for the failure of their corporation to pay state and municipal sales taxes over a fifteen month period from June of 1991 to September of 1992, and for the filing of fraudulent returns, have charged valid offenses under Louisiana law. While the status of a named defendant as a corporate officer does not alone make him or her responsible for the failure of the corporation to comply with local and state sales tax requirements, we hold that the legislature has provided criminal as well as civil penalties against corporate officers directly responsible for supervising the collection of those taxes and/or remitting or accounting for such taxes, and for the filing of false or fraudulent returns. The indictments in this case therefore charge valid offenses under the law of Louisiana and the trial court erred in quashing the prosecution against the defendants.
The state charged defendants in two grand jury indictments returned on the same day with a total of 60 counts relating to the business conduct of Accurate Collision Center, Inc, a corporation formed on July 1, 1991. The indictments charge the defendants with multiple counts of committing the misdemeanor offense of failing to file or fraudulently filing municipal and state sales tax returns in violation of La.R.S. 47:1642 and La.R.S. 33:2845, and multiple counts of committing the felony offense of failing to collect, account for, and remit state and municipal sales taxes in violation of La.R.S. 47:1641 and La.R.S. 33:2846. The state claims that Accurate grossly underreported its sales to the City of New Orleans for purposes of defeating its pay-over obligations under the local sales tax law and failed even to register with the state for purposes of *855 remitting state sales taxes as required by law.
It is undisputed that on or about April 30, 1991, defendant DeJesus applied for and obtained from the City of New Orleans a Sales/Use Tax Registration and an Occupational License. He listed himself as owner and thereafter formed Accurate Collision Center, Inc. The corporation ceased its operations when the state executed search warrants in September of 1992 and seized Accurate's records from its corporate office on Chef Menteur Highway in New Orleans. The state also seized approximately $135,000.00 in cash from the home of defendant DeJesus. The grand jury indictments followed in January of 1993.
In its answer to the defense application for a bill of particulars, the state clarified that Accurate Collision Center, Inc. was the business required to file the sales tax returns and that the named individual defendants were charged with filing false or fraudulent returns for the months of October, 1991, November, 1991, December, 1991, January, 1992 and February, 1992. The defendants were additionally charged with failing to file returns for July, 1991, August, 1991, September 1991, December 1991, and March through September of 1992. The state otherwise refused to disclose "[t]he relationship that the defendant[s] had with said business that would require [them] to file sales tax returns," on grounds that the defense inquiry "concerns an ultimate issue of fact to be decided at trial." The state subsequently amended its answer to specify that Russell Moran was the president and secretary of Accurate; Marcel Lashover was the vice president and treasurer of the corporation; and John E. DeJesus was the manager, operator and de facto owner of said business.
At the hearing on pre-trial motions, the state could not satisfy the trial court that the defendants' status as officers of the defunct corporation provided the legal basis for charging them with the failure of the business to comply with local and state sales tax. The state had otherwise specified that the business entity "required" to file the sales tax was Accurate Collision Inc., a "person" for purposes of the criminal law. R.S. 14:2(7). The court accordingly quashed the prosecution on grounds that the indictments, when considered together with the state's answers to the bill of particulars, failed to inform defendants of the charges against them. The Fourth Circuit affirmed that ruling on grounds that the state had cited no authority for imposing tax responsibility on the defendants "solely by virtue of their offices and position with the corporation." State v. DeJesus, 630 So.2d 947, 948 (La.App. 4th Cir.1993). We now reverse.
La. Const. Art. I, § 13 requires the state to inform the accused in a criminal prosecution of the nature and cause of the accusation against him. The state may provide that information in the indictment alone, or in its responses to a defense request for a bill of particulars. State v. Gainey, 376 So.2d 1240, 1242-43 (La.1979). The purpose of the bill of particulars is to inform the accused more fully of the nature and scope of the charge against him so that he will be able to defend himself properly and to avoid any possibility of ever being charged again with the same criminal conduct. State v. Marcal, 388 So.2d 656 (La.1980); State v. Rogers, 375 So.2d 1304 (La.1979). A bill of particulars may not be used to obtain the state's evidence, State v. Huizar, 414 So.2d 741 (La.1982), and a motion to quash is generally not an appropriate vehicle for raising defenses on the merits. State v. Perez, 464 So.2d 737 (La.1985). Nevertheless, if the indictment and/or bill of particulars fails to inform the defendant adequately of the charges against him or if it appears that the offense charged was not committed by the defendant, the trial court may order the indictment quashed. La. C.Cr.P. art. 485. The court may also order an indictment quashed if it appears that the conduct alleged against the defendant does not provide a legal basis for the offense charged. The state may not "base an indictment for a serious offense ... upon an allegation of fact which cannot conceivably satisfy an essential element of the crime, and compel the accused to withstand the rigors of a jury trial with no expectation that a conviction can be supported by such an allegation." State v. Legendre, 362 So.2d 570, 571 (La. *856 1978); See also State in Interest of J.A.V., 558 So.2d 214 (La.1990).
In this case, the legal basis for charging the defendants with filing false or fraudulent sales tax returns with the City of New Orleans appears in La.R.S. 33:2845. The statute provides in pertinent part that "[a]ny person ... who willfully files or causes to be filed in any parish or any political subdivision located within a single parish, any false or fraudulent sales tax return, report or statement, or who willfully aids or abets another in the filing of such a false or fraudulent sales tax return, report or statement ...," is guilty of a one-year misdemeanor offense. The defendants' liability under this portion of La.R.S. 33:2845 turns on the general principles of individual accountability, La.R.S. 14:24 ("All persons concerned in the commission of a crime ... are principals") and not on their representative capacity as officers of the corporation.
La.R.S. 33:2845 also provides that "[a]ny person who willfully fails to file any sales tax return ... required to be filed by the provisions of any sales tax law ..." [emphasis supplied], has committed a one-year misdemeanor offense. La.R.S. 33:2846 further provides that "[a]ny person required to collect, account for, or pay over any tax ... who willfully fails to collect or truthfully account for or pay over such tax ..." [emphasis supplied], has committed a five-year felony offense. Similar language appears in the provisions governing the collection, accounting and paying over of state sales taxes. R.S. 47:1641 and 1642. The defendants argue here, as they argued below, that no authority exists for placing that duty upon themselves as individuals simply because of their status as corporate officers.
That duty stems, however, from the explicit language of La.R.S. 47:1561.1, which provides as an alternative form of collection of income taxes withheld by a corporate employer from the wages of its employees or the collection of sales and use taxes, that the state may hold "those officers or directors having direct control or supervision of such taxes or charged with the responsibility of filing such returns and remitting such taxes and who willfully fail to remit or account for such taxes withheld or collected, personally liable for the total amount of such taxes...."
The state may collect from "any one or any combination of such officers or directors...." The statute also provides that the corporation may limit the personal liability of its officers by filing with the secretary of state a resolution designating "an officer or director having direct control or supervision of such taxes or charged with the responsibility of filing such returns and remitting such taxes...." La.R.S. 33:2845.1 uses similar language regarding collection of local sales and use taxes by municipal authorities from the officers or directors of a corporation.
These provisions, added by the legislature in 1987 and 1991 respectively, appear comparable to 26 U.S.C. § 6672, which makes "any person required to collect, truthfully account for, and pay over" so-called trust fund taxes, e.g., employee wage withholding tax, personally liable for a penalty equal to the total amount of such tax he or she has willfully evaded collecting, accounting for and paying over. For purposes of this provision, 26 U.S.C. § 6671(b) defines "person" to include "an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs." The penalty imposed by section 6672 is civil in nature, Gephart v. United States, 818 F.2d 469 (6th Cir.1987), but 26 U.S.C. § 7202, which tracks the wording of section 6672, makes a violation a five-year felony offense. To complete the symmetrical arrangement of civil and criminal penalties, 26 U.S.C. § 7343 defines person for purposes of section 7202 in language identical to that used in section 6671(b) for section 6672. In Slodov v. United States, 436 U.S. 238, 244-50, 98 S.Ct. 1778, 1784-86, 56 L.Ed.2d 251 (1978), the Supreme Court reviewed these provisions and observed:
Thus, an employer-official or other employee responsible for collecting and paying taxes who willfully fails to do so is subject to both a civil penalty equivalent to 100% *857 of the taxes not collected or paid, and to a felony conviction.
* * * * * *
Sections 6672 and 7202 were designed to assure compliance by the employer with its obligation to withhold and pay the sums withheld, by subjecting the employer's officials responsible for the employer's decisions regarding withholding and payment to civil and criminal penalties for the employer's delinquency.
For purposes of section 6672, an individual's status as an officer or director of a corporation required to collect and pay over trust fund taxes is not alone enough to make him or her a "responsible person" liable for the willful evasion of such taxes. The officer must possess "significant decision-making authority over the corporation's tax matters," Barton v. United States, 988 F.2d 58, 59 (8th Cir.1993), or have "general control over corporate business affairs [by] participat[ing] in decisions concerning payment of creditors and disbursement of funds." O'Connor v. United States, 956 F.2d 48, 51 (4th Cir.1992); Gephart v. United States, 818 F.2d at 473. The analysis is fact specific, id., and the focus is "on substance rather than form." O'Connor, 956 F.2d at 51. As the Supreme Court observed in Slodov, a responsible person for purposes of the civil sanctions provided by section 6672 is also a responsible person for purposes of the criminal penalties provided by section 7202.
We think it is clear that the Louisiana legislature has adopted the same symmetrical civil and criminal sanctions for those employees of corporate employers charged with the responsibility of collecting, accounting for, and paying over sales taxes at the state and municipal level. The state or local governing authority has the option of collecting the unpaid taxes from the corporation, if it has remained viable and solvent, or from the officers or directors who possessed significant responsibility for the tax-making decisions of that business entity. La.R.S. 47:1561.1; 33:2845.1. The state may also charge the corporation criminally for purposes of enforcing the fine provisions of La. R.S. 33:2846 and La.R.S. 47:1642. See State v. Main Motors, Inc., 383 So.2d 327 (La. 1980). To the extent that La.R.S. 47:1561.1 and La.R.S. 33:2845.1 explicitly place on corporate officers or directors with significant decision-making authority over tax matters the duty to see that the trust fund taxes enumerated in those statutes, including sales taxes, are collected, accounted for, and paid over accurately as the law provides, those persons are "required" by law to make that honest accounting within the meaning of criminal sanctions provided by La.R.S. 33:2846 and La.R.S. 47:1641.
Prosecution of corporate officers for the willful evasion of the corporation's sales tax obligations is rare in Louisiana but not unprecedented. See e.g. State v. Main Motors, Inc. (corporate president acquitted in same proceeding which convicted corporation of sales tax evasions); State v. Neumeyer, 561 So.2d 944 (La.App. 4th Cir.1990) (treasurer of corporation convicted on three counts of failing to remit sales taxes in violation of La.R.S. 47:1641). Similar prosecutions have occurred in at least one other state, Pennsylvania, for the evasion of that state's trust fund tax laws by individuals who have "personally dominated and controlled the affairs of the corporate taxpayer." See Com. v. Shafer, 414 Pa. 613, 202 A.2d 308 (1964); Com. v. Smallhoover, 389 Pa.Super. 575, 567 A.2d 1055 (1989). The choices made by the Louisiana legislature in this regard reflect the general principle of accountability that "[w]henever a duty to act is imposed by law upon a corporation or an unincorporated association, any agent of the corporation or association having primary responsibility for the discharge of the duty is legally accountable for a reckless omission to perform the required act to the same extent as if the duty were imposed by law directly upon himself." Model Penal Code § 2.07(6)(b) (Official Draft 1985).
As clarified by its answers to the defense bill of particulars, the indictments against defendants charge valid offenses under Louisiana law. Whether defendants Moran and Lashover, as the nominal officers of the corporation, and defendant DeJesus, as the manager and defacto owner of the business entity, a position equivalent to a high ranking corporate official, exercised significant decision-making *858 authority over the tax matters of the corporation and generally over that business entity's economic decisions, is a fact-intensive inquiry on the merits, Gephart v. United States, and therefore a matter of proof at trial.
The ruling of the trial court quashing the instant prosecution is accordingly reversed, and this case is remanded for further proceedings not inconsistent with the views expressed herein.
RULING REVERSED: CASE REMANDED.
NOTES
[*] Judge William Norris, III, Court of Appeal, Second Circuit, sitting by assignment in place of Justice James L. Dennis; Judge Felicia Toney Williams, Court of Appeal, Second Circuit, participating as an Associate Justice pro Tempore, effective September 1, 1994. Lemmon, J., not on panel. Rule IV, Part 2, § 3.