liWALTZER, Judge.
The issue on review is did the trial court err in granting defendant’s motion to quash. We find that the trial court did not err.
On June 28, the State of Louisiana charged Bryant Hazard with eight counts of failing to file or fraudulently filing state sales tax returns and six counts of failing to file or fraudulently filing municipal sales tax returns. By a separate bill of information he was also charged with eight counts of failing to remit state sales tax dollars and six counts of failing to remit municipal sales tax dollars. The bills provided in pertinent part as follows:
For the parish ordinances:
A. EDWARD CANGELOSI, Assistant District Attorney for the Parish of Orleans, who in the name and by the authority of the said State, prosecutes, in this behalf, in proper person comes into the Criminal District Court of the Parish of Orleans, in the Parish of Orleans, and gives the said Court here to understand and be informed that one BRYANT E. HAZARD late of the Parish of Orleans, on the 21st day of January in the year of our Lord, one thousand, nine hundred and ninety-three (dates vary), in the Parish of Orleans aforesaid, and within the jurisdiction of the Criminal District Court for the Parish of Orleans, being required under ordinance of the parish of Orleans to file sales tax returns, reports, or statements, did willfully fail to file, or falsely or fraudulently file a sales tax return, report or statement for the month of December, 1992 (months and years vary), contrary to the form of the Statute of the State of Louisiana in such case made and provided and against the peace and dignity of the same. [Emphasis added].
And now the said A. EDWARD CANGE-LOSI, Assistant District Attorney for the Parish of Orleans aforesaid, does further give the said Court here to understand and be informed that one BRYANT E. HAZARD late of the Parish of Orleans, on the ■ 21st day of April, in the year of our Lord, one thousand, nine hundred and ninety-three |g(date varies), in the Parish of Orleans aforesaid, and within the jurisdiction *692 of the Criminal District Court for the Parish of Orleans, being required to collect, account for, or pay over sales taxes, penalties, or interest, imposed under ordinance of the Parish of Orleans, did willfully fail to collect or truthfully account for, or pay over sales taxes, penalties, and interest, to the Parish of Orleans for the month of February, 1993 (month varies), contrary to the form of the Statute of the State of Louisiana in such case made and provided and against the peace and dignity of the same.
For the state statutes:
And now the said A. EDWARD CANGE-LOSI, Assistant District Attorney for the Parish of Orleans aforesaid, does further give the said Court here to understand and be informed that one BRYANT E. HAZARD late of the Parish of Orleans, on the 21st day of December, in the year of our Lord, one thousand, nine hundred and ninety-two (dates vary), in the Parish of Orleans aforesaid, and within the jurisdiction of the Criminal District Court for the Parish of Orleans, being required under state law to file sales tax returns, reports, or statements, did willfully fail to file, or falsely or fraudulently file a sales tax return, with the intent to defraud the state or evade the payment of sales taxes, fees, penalties or interest, or any part thereof for the month of November, 1992 (months and years vary), contrary to the form of the Statute of the State of Louisiana in such case made and provided and against the peace and dignity of the same.
And now the said A. EDWARD CANGE-LOSI, Assistant District Attorney for the Parish of Orleans aforesaid, does further give the said Court here to understand and be informed that one BRYANT E. HAZARD late of the Parish of Orleans, on the 21st day of February, in the year of our Lord, one thousand, nine hundred and ninety-three, (dates vary) in the Parish of Orleans aforesaid, and within the jurisdiction of the Criminal District Court for the Parish of Orleans, being required to collect, account for, or pay over sales taxes, penalties, or interest, imposed under laws of the State of Louisiana, did willfully fail to collect or truthfully account for, or pay over sales taxes, penalties, and interest, to the State of Louisiana for the month of January, 1993, contrary to the form of the Statute of the State of Louisiana in such case made and provided and against the peace and dignity of the same.
^Hazard pled not guilty to all charges.
On January 12, 1994, defendant filed a Motion for Bill of Particulars stating that he was unable to properly prepare his defense until he was furnished the following information:
1. The name of the business or corporation that was required to file the city and state tax returns;
2. The name of the business or corporation that was required to pay the city and state taxes;
3. The relationship that defendant had with said business or corporation that would require him to collect, account for or pay the city and state taxes;
4. The relationship the defendant had with said business that would require him to file the city and state tax returns.
The State responded to Defendant’s Motion for Bill of Particulars as follows:
1. The name of the business, on whose behalf tax returns were required to be filed with the City of New Orleans and State of Louisiana, is Conwill Easter-ling Enterprises, Inc., DBA The Decatur House;
2. The name of the business, on whose behalf sales taxes were collected and thereafter due to the City of New Orleans and State of Louisiana, is Conwill •Easterling Enterprises, Inc., DBA The Decatur House;
3. The defendant is not entitled to the information sought in this question as it concerns the ultimate issue of fact to be decided by the trier of fact. The question of whether or not the defense is entitled to this information is currently before the Supreme Court of the State of Louisiana in the case of *693 State of Louisiana v. John E. DeJesus, et al, number 94K0261. A copy of the application for Writ of Review of the State of Louisiana is attached.
4. See answer to question 3.
The defense introduced into the record a copy of the information on file with the Secretary of State’s Office. The Articles of Incorporation show that Conwill-Easterling Enterprises, Inc. began its corporate existence on November 16, 1989 and that its incorporator is Ellen C. Conwill of 546 Car-ondelet St. New Orleans. The initial report indicates that the registered agent for service of process is Ellen C. Conwill, that the registered office of the corporation is 546 Carondelet Street, Land that the initial directors are Daniel 0. Conwill IV, 700 S. Peters, Apt. 404 New Orleans, Daniel 0. Conwill III 225 Southern Circle Gulfport, and Lauralee Easterling 1910 Milan Street New Orleans. Bryant Hazard is not an officer, a director, or otherwise listed anywhere in the documentation.
Particularly distressing is the slipshod method of investigation in this matter. Frank Haab, an investigator in the Orleans Parish District Attorney’s Office, was the investigating officer in this matter. The case was assigned to him by Assistant District Attorney Cangelosi. The investigating officer testified that the district attorney’s office received complaints about a bar named “The Decatur House”. Indeed, included in the record is a complaint letter from Michael Zembower, owner of “The Abbey”[1], a barroom next door to The Decatur House.
The investigator testified that whenever a complaint is received, he cheeks the sales tax status of the offending business. He discovered that the business, i.e. the corporation was delinquent in the payment of its sales taxes. He testified that he then called the Secretary of State’s office via telephone and verbally asked a clerk what was the name of the person listed as the President of The Decatur House. He further testified that he was verbally informed that it was the defendant. The investigating officer neither remembers who he talked to nor ^received any written report from the Secretary of State’s Office. On the basis of the verbal statement, defendant was personally charged.
The instant investigation lacked minimum standards of competence. The investigator testified that someone at the Secretary of State’s office told him that Bryant Hazard was the President. As pointed out by defense counsel at the February 2, 1994 hearing, the documents at the Secretary of State’s Office do not indicate that anyone is the President and do not mention Bryant Hazard’s name at all. At best, the investigator relied on an oral statement which may or may not be correct made over the phone by an unknown person. At worst, the investigator was less than candid about contacting the Secretary of State’s Office.
The bills merely say that “Bryant Hazard ... being required (to file) ... did willfully fail to file ... for the month of ... ” Of major concern is what happens in the case of a prominent individual who sits on the boards of many corporations. If he or she were to receive a bill like the one quoted in this ease, they would have no idea which corporation is involved. Most people who sit on boards buy Officers and Directors Liability insurance to protect them in case, for example, a hired *694 bookkeeper or accountant fails to perform, but Officers and Directors Liability Insurance would not cover a criminal act, not to mention the fact that a prominent person’s reputation could easily be unnecessarily and wrongfully ruined by an indictment in which the State names the wrong person. If that individual could not make bail, he would be sitting in jail, waiting for the date of trial before the State realizes its mistake.
It is very easy for the District Attorney’s office to access the records of the Secretary of State through the use of Westlaw using the “LA-CORP” database. Using that database the district attorney’s office can immediately get a list of the |6officers, directors, registered agent for service of process on the articles of incorporation and initial report and the updated information on the annual report.[2]
The name “The Decatur _” has been used by a variety of businesses located on Decatur Street in the French Quarter for a number of years, thus the opportunity for error is great. The State should produce a print-out of the information on file with the Secretary of State’s office in order to prevent prosecution of the wrong person.
All parties discuss the Louisiana Supreme Court’s opinion in State v. DeJesus, 94-0261 (La. 9/16/94), 642 So.2d 854 (La.1994).
There are three important distinctions between the DeJesus case and the instant case.
First and most importantly, in DeJesus the corporation was named as a co-defendant along with the individual person charged, thus when Mr. DeJesus was informed of the charge against him, he knew which business endeavor was involved.
Secondly, Mr. DeJesus had applied for and been granted the Sales Tax Registration before the corporation was even formed. Accordingly, Mr. DeJesus applied as a sole proprietorship which made him immediately personally liable and unprotected by normal corporate limitations of liability.
Third, in the instant case the defendant has already paid any and all taxes due plus interest and penalties, unlike the DeJesus case where taxes, interest, and penalties were still owed.
|7The tax statutes at issue are LSA-R.S. 47:1641, LSA-R.S. 47:1642, LSA-R.S. 33:2845 and LSA-R.S. 33:2846, all of which provide in the above order as follows:
“Any person required under this subtitle to collect ...”
“Any person who wilfully fails ...”
“Any person who willfully fails ...”
“Any person required to collect ...”
LSA-R.S. 14:2(7) provides that the word “person” includes corporations. The “person” who actually owed the taxes is the corporation Conwill-Easterling Enterprises, Inc. The State should have also prosecuted the corporation as a co-defendant.
We find that it is not unreasonable for the State to answer a bill of particular request for what the State believes is the relationship between the indicted individual and the corporation that owes the tax. Saying what the allegation is that the State will attempt to prove at trial is very different from proving it, whether or not it is “an ultimate issue of fact to be decided by the trier of fact.” The defendant has a right to know in order to be fully apprised of the charges against him.
This court still does not know what Bryant Hazard’s relationship to Conwill-Easterling Enterprises, Inc. is. Is Hazard a bartender, a busboy, a night or day manager or assistant manager, a hired bookkeeper? At the February 2 hearing, the defense volunteered that Hazard purchased a share of stock in Conwill-Easterling Enterprises, Inc. Since when are shareholders held personally criminally liable for a corporation’s failure to file or pay sales taxes? If shareholders are to be held personally criminally liable for a corporation’s failure to file or pay sales taxes, then the future of the national stock exchange is in serious jeopardy. If the state had answered questions 3 and 4 of the bill of • ^particulars to the effect that the State alleged the defendant was at the time of the offenses an officer or director directly and primarily responsible for the supervision of *695 such taxes or charged with the responsibility of filing and/or remitting such taxes, then we would not be affirming the trial court’s grant of the motion to quash. The State, however, did not answer and we find that the trial judge did not err in granting defendant’s motion to quash.
For the reasons discussed, the judgment of the district court is affirmed.

AFFIRMED.

. The defense attempts to characterize the instant case as a "political" one arguing that Mr. Zembower contributed to the District Attorney's campaign and to the later campaign of then First Assistant District Attorney later Judge Raymond Bigelow. To that end, he has filed into the record a copy of the act of sale of "The Abbey” from Raymond Bigelow and his wife to Michael Zembower. The act of sale contained therein indicates that the business was sold, that Judge Bigelow holds a promissory note and a vendor’s lien thereon. Presumably if The Abbey is not financially successful, then it cannot meet its obligations under the note. This is of no moment. The fact that Mr. Zembower purchased the bar from Judge Bigelow only indicates that Judge Bigelow does not own The Abbey anymore. If Zembower can make the payments, then it is of no concern to Judge Bigelow. If Zembower cannot make the payments, then Judge Bigelow will foreclose and sell it to someone else. We note that whoever had purchased The Abbey would have directed complaints to whoever happened to be the District Attorney at the time. Neither the District Attorney, nor Judge Bigelow or his wife, nor Mr. Zembower prevented The Decatur House from filing its tax returns or paying its taxes. This allegation is meritless.

. Alternatively, the District Attorney's Office ' could call the Secretary of State’s Office and Aen have Ae Secretary of State’s Office fax or mail the information to Aem.