# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**09-926**


**LAFAYETTE PARISH SCHOOL BOARD**

**VERSUS**

**REGINALD SIMMONS, ET AL.**

**\*\*\*\*\*\*\*\*\*\***
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20085682
HONORABLE PATRICK L. MICHOT, PRESIDING
**\*\*\*\*\*\*\*\*\*\***

**SYLVIA R. COOKS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Marc T. Amy, and Elizabeth A. Pickett, Judges.

Amy, J., concurs in the result.

Pickett, J., concurs in the judgment.

**REVERSED.**

**J. Michael Wooderson**
**Cassie L. Willis**
**903 West University Avenue**
**P.O. Box 53516**
**Lafayette, LA 70505-3516**
**(337) 234-5919**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Lafayette Parish School Board**

**Raymond Simmons**
**1606 Scenic Highway**
**Baton Rouge, LA 70802**
**(225) 383-3675**
**COUNSEL FOR DEFENDANT-APPELLANT:**
    **Reginald Simmons**

**COOKS, Judge.**

Defendant, Reginald Simmons, appeals the judgment of the trial court finding him personally liable for a failure to pay taxes and casting him in judgment for $12,468.52, along with penalties, interest, and ten percent attorney fees. For the following reasons, we reverse the trial court's judgment.

## FACTS AND PROCEDURAL HISTORY

Defendants, Reginald Simmons and A.J.S. Investments, LLC opened up the restaurant, the Original Italian Pie in the Parish of Lafayette, Louisiana. According to the Lafayette Parish School Board (hereafter School Board), defendants failed to pay taxes for the months of October 2007 through April 2008. After April 2008, the Original Italian Pie was no longer in business. The record reflects that AJS Investments filed for bankruptcy on February 22, 2008.

When taxes for the Original Italian Pie were not reported or remitted, the School Board's Sales and Use Tax Collection Division issued a Notice of Assessment in accordance with La.R.S. 47:337.51, which required action on the part of the defendants within sixty days. A failure to act within the sixty day period results in a final enforceable assessment. Mr. Simmons refused to accept the Notice of Assessment.

Following defendants failure to act after receipt of the Notice of Assessment, in accordance with the Lafayette Parish School Board Sales and Use Tax Ordinance the School Board filed a petition to collect after assessing defendants for the delinquent period. The amount of taxes due was estimated in excess of $12,000.00, in addition to a five (5%) percent penalty for each thirty days in delinquency, not to exceed twenty-five (25%) percent in aggregate of the tax due. Although the petition listed both Mr. Simmons and AJS Investments as defendants, at the hearing the

School Board sought judgment solely against Mr. Simmons personally.

A hearing on the matter was held. After considering the arguments of the respective parties, the trial court rendered judgment against "Defendants, Reginald Simmons d/b/a The Original Italian Pie" for the sum of $12,468.52, along with penalties and interest as provided by law, and ten percent attorney fees. Mr. Simmons perfected an appeal to this court, and contends any judgment against the business and corporation does not automatically amount to personal liability of the corporate officer, without proof of collection of the taxes and a willful failure to remit same. For the following reasons, we reverse the trial court's judgment.

**ANALYSIS**

The issue in this appeal is whether the trial court properly applied La. R.S. 47:336.46 which provides as follows:

> A. Notwithstanding any other provision of law to the contrary, if any corporation, limited liability company, or limited partnership fails to file returns or to remit the sales and use taxes collected from purchasers or consumers under the local ordinance and this Chapter, the collector is authorized, as an alternative means of enforcing collection, to hold those officers or directors, or those managers or members as defined in R.S. 12:1301(A)(12) and (13), having direct control or supervision of such taxes or charged with the responsibility of filing such returns and remitting such taxes and who willfully fail to remit or account for such taxes collected, personally liable for the total amount of such taxes collected, and not accounted for or not remitted, together with any interest, penalties, and fees accruing thereon. Collection of the total amount due may be made from any one or any combination of such officers or directors, or managers or members as defined in R.S. 12:1301(A)(12) and (13) who willfully fail to remit or account for such taxes collected, by use of any of the alternative remedies for the collection of taxes as provided in R.S. 47:337.45.

> B. A corporation, limited liability company, or limited partnership by resolution of the board of directors or members may designate an officer or director, or a manager or member as defined in R.S. 12:1301(A)(12) and (13) having direct control or supervision of such taxes or charged with the responsibility of filing such returns and remitting such taxes, and such resolution shall be filed with the secretary

-2-

of state.

To prevail under La.R.S. 47:337.46(A), the School Board had to prove by a preponderance of the evidence two essential elements of its cause of action: (1) That the taxes were in fact "collected" and, (2) the defendant "willfully" failed to remit the taxes. See *Bergeron v. Albert,* 02-1955 (La.App. 1 Cir.11/21/03), 861 So.2d 269, *writ denied*, 04-206 (La. 3/26/04), 871 So.2d 351. We are satisfied the evidence in this record is insufficient to prove the essential elements needed to shackle Mr. Simmons with personal responsibility for the business failure to file and remit the claimed sales and use taxes. It is a well-settled premise that taxing statutes must be strictly construed against the taxing authority. *Goudchaux/Maison Blanche, Inc. v. Broussard*, 590 So.2d 1159 (La.1991).

Patrick Lewis, an auditor for the School Board, testified specifically that taxes due from October 2007 through April, 2008 were not paid. However, there was no testimony from Mr. Lewis as to whether taxes were actually collected at the Original Italian Pie; and, if they were, for what periods of time. Mr. Simmons testified the restaurant was out of business by February, 2008; thus, no taxes could have been collected from that point. The School Board presented nothing to contradict that testimony.

The cases cited by the School Board below in support of its position are factually distinguishable from the present case. In *Bergeron*, 861 So.2d 269, there was no question that the taxes had in fact been collected. Second, the majority found the willfullness component was satisfied because rather than delivering the taxes to the State, Mr. Albert, the defendant corporate officer, diverted those funds to a sister corporation by way of a "refund." The majority noted that the trial court specifically set forth in its reasons for judgment that the taxes in question "were collected" and

"failed to be remitted willfully." Thus, the appellate court found there was "a reasonable factual basis for the finding of the trial court." Here the trial judge did not provide any reasons to support its ruling in favor of the Board either in the judgment or at the hearing on the matter.

The School Board also cited *State v. DeJesus*, 94-261 (La.9/16/94), 642 So.2d 854, 857. In that case, the supreme court noted the State can proceed against "officers or directors who possessed significant responsibility for the tax-making decisions of that business entity." *Id*. at 857. The court also noted that to impose personal liability on an officer or director, he or she must willfully fail to remit such collected taxes. There was no question the Defendant corporate officer in *DeJesus* collected taxes and willfully failed to pay them. His home was raided and over $135,000.00 in cash was seized from his home. *DeJesus* also is factually distinguishable from the instant case. The record is devoid of any evidence that Mr. Simmons actually collected taxes and willfully failed to remit them.

Considering that taxing statutes are strictly construed against the taxing authority, we do not find, under the facts of this case, that the School Board met its burden of showing the taxes were collected and willfully not remitted. Therefore, the trial court's judgment in favor of the School Board is reversed.

## DECREE

For the following reasons, the judgment of the trial court is reversed. All costs of this appeal are assessed against Plaintiff-Appellee, the Lafayette Parish School Board.

**REVERSED.**

-4-